[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Application for review of sentence imposed by the Superior Court, Judicial District of New Haven.
James A. Shanley, Esq., Defense Counsel, for Petitioner
Robert O'Brien, Esq., Asst. States Attorney, for the State.
Sentence Affirmed.
BY THE DIVISION:
The petitioner, who was then 61 years of age, was convicted following a trial by jury of two counts of Arson, 1st degree in violation of Connecticut General Statutes § 53a-111(a)(1) and § 53a-111(a)(4). An element of § 53a-111(a)(1) is that the accused has reason to believe the building may be inhabited or occupied or that it was occupied, while an element of § 53a-111(a)(4) is that a firefighter he subjected to a substantial risk of bodily CT Page 5263 injury.
The petitioner was sentenced to fifteen years execution suspended after twelve years, with probation for five years on the first count, and to a concurrent sentence of twelve years on the second count for an effective sentence of fifteen years, execution suspended after twelve years with five years of probation.
In their comments to the Division, Poe and his attorney argue that a more appropriate sentence would have been one where the petitioner would have the opportunity to make restitution to the victims and the petitioner additionally agues that the pre-sentence report was inaccurate and prejudicial. He posits that the sentence was more severe than it would have been if the report had accurately portrayed his background. (He presented the Division with a "Corrected PSI" which he prepared and which he claims is an accurate report).
This Division is authorized to modify a sentence downward only if it is inappropriate or disproportionate in light of the nature of the offense, the character of the offender, the protection of the public interest, and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was imposed.
When Poe was first questioned about the fire, he denied having contact with any flammable liquids on the day of the fire. When it was determined there was a presence of an accelerant on Poes shoes and/or clothing, he said some gas had splashed on him when fueling his car. He later said that he accidentally threw a match from lighting a cigarette which caught some gasoline on fire, blaming his memory loss on two glasses of wine which affected his glucose level. Despite the jury's findings, he maintained the fire was accidentally started.
The structure was a three story multi-family dwelling. At the time of the fire the 2nd and 3rd floors were occupied with nine people, six of whom were children. The first floor tenants were not home at the time but lost much of their property and spent moths living in a shelter. The petitioner owned the building involved.
To deliberately set a fire in an occupied three story dwelling (which is what Poe was convicted of doing) is a heinous CT Page 5264 crime. It is considered as such by the legislature, which established it to be a Class A felony with a minimum ten year penalty and a maximum twenty-five years. There was evidence that some firefighters were at substantial risk of injury, as they tried to determine if there was anyone in the smoke filled first floor apartment, as well as other areas of the building.
The sentencing Court was made aware that Poe took exception to portions of the pre-sentence report. The Court also had a number of favorable letters on his behalf and noted that they "to a large extent counterbalanced or at least put in question" the negative statements. The Court weighed the petitioner's lack of prior record and his age, as well as the severity of the crime. Its sentence was thoughtful, reasoned and fair.
Reviewing the sentence pursuant to Practice Book § 43-28, the Division concludes it is neither disproportionate nor inappropriate. It is affirmed.
Klaczak, Norko and Miano, J.s, participated in this decision.